**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RUTH ANN WISE,**

    Petitioner,

v.                                        **CIVIL ACTION NO. 3:06-CV-111
CRIMINAL ACTION NO. 2:05-CR-6
(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION
### THAT CASE BE DISMISSED AND STRICKEN FROM DOCKET

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated November 13, 2006 [Civ. Doc. 3 / Crim. Doc. 125], this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on November 2, 2007 [Crim. Doc. 130]. In that filing, the magistrate judge recommended that this Court deny and dismiss the *pro se* plaintiff's complaint filed under 28 U.S.C. § 2255 [Civ. Doc. 1 / Crim. Doc. 122] because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due by November 19, 2007 [Crim. Doc. 130], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). To date, no objections to the R & R have been filed. Accordingly, this Court will review the report and recommendation for clear error.

On June 27, 2005, the petitioner signed a plea agreement by which she agreed to plead to Count 6 of the Indictment, felon in possession of a firearm. Additionally, the petitioner waived her right to appeal and to collaterally attack her sentence. Further, at her June 28, 2005, plea hearing, the Court made a thorough examination of the terms of the plea agreement, and the petitioner stated that she understood and agreed with all its terms. The petitioner then entered his guilty plea, stating under oath that it was of her own free will. The petitioner was then sentenced to a term of 121 months imprisonment, and she did not file a direct appeal. Now, the petitioner contends that she received ineffective assistance of counsel at the plea proceedings and that the Sentencing Guidelines are only advisory and that the sentencing judge had the discretion to sentence her to a lower sentence.

Upon careful review of the above, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Crim. Doc. 130] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

Therefore, this Court hereby **DENIES** the § 2255 petition [Civ. Doc. 1 / Crim Doc. 122]. Accordingly, the Court hereby **DIRECTS** the Clerk to **DISMISS** petitioner's Motion to Vacate [Civ. Doc. 1 / Crim. Doc. 122] and to **STRIKE** it from the active dockets of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit by certified mail a copy of this Order to any counsel of record and the *pro se* petitioner.

**DATED:** December 28, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE